KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue, Tenth Floor
    San Francisco, California 94102
    Telephone:    (415) 436-6909
    Facsimile:    (415) 436-6748
    Email: jonathan.lee@usdoj.gov

Attorneys for Federal Defendants
Ellen Weiss, M.D., Nathan Copple, M.D., Open Door
Community Health Centers, Connie Frugoni, M.D.,
and United Indian Health Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WESLEY COLLVER, and JEREMY RAYMOND, a minor,<br><br>    Plaintiff,<br><br>v.<br><br>ELLEN WEISS, OPEN DOOR COMMUNITY HEALTH CENTER MEDICAL CLINIC, PACIFIC HEART GROUP, INC., DAVID PLOSS, JAMES QUILLEN, CORINNE FRUGONI, NATHAN COPPLE, UNITED INDIAN HEALTH SERVICES, AND DOES 1 TO 50,<br><br>    Defendants. | No. C 06-3700 EDL<br><br>**STIPULATION AND [PROPOSED] ORDER FOR DISMISSAL OF CERTAIN INDIVIDUAL AND ENTITY DEFENDANTS WITH PREJUDICE AND FOR SUBSTITUTION OF THE UNITED STATES OF AMERICA AS A NAMED DEFENDANT AS REQUIRED BY THE FEDERAL TORT CLAIMS ACT** |

    SUBJECT TO THE APPROVAL OF THE COURT, THE PARTIES BELOW STIPULATE AND REQUEST ENTRY OF AN ORDER AS INDICATED:

    1.    The parties to this stipulation are plaintiffs Wesley Collver and Jeremy Raymond, on the one hand, and defendants Ellen Weiss, M.D., Nathan Copple, M.D., Open

        Door Community Health Center Medical Clinic ("Open Door"), Connie Frugoni, M.D., and United Indian Health Services, Inc. ("UIHS") as well as the United States of America, on the other hand.

2.     The purpose of this stipulation is to correct the pleadings to reflect the proper party defendant in this Federal Tort Claims Act case, namely the United States of America, which will – subject to the approval of the Court as described herein – be substituted in as the sole federally-affiliated defendant in place of defendants Ellen Weiss, M.D., Nathan Copple, M.D., Open Door Community Health Center Medical Clinic ("Open Door"), Connie Frugoni, M.D., and United Indian Health Services, Inc. ("UIHS")  The remaining defendants Pacific Heart Group, Inc., David Ploss, M.D., and James Quillen, M.D., are not dismissed by this stipulation.

3.     Plaintiffs Wesley Collver and Jeremy Raymond allege that Defendants treated a nonparty, Rick Polzin, for a heart condition that caused him to suffer blackout spells and syncope episodes.  As such, Defendants "were under a duty to report Polzin's condition under California Health & Safety Code 103900 to the Local Health Officer so that the California Department of Motor Vehicles would be notified so it could revoke or suspend Polzin's driver's license since it was unsafe for him to drive."

4.     Plaintiffs further allege that Defendants did not report Polzin and on March 5, 2004, at Guintoli Lane and Highway 101, in Arcata, California, Polzin suffered a syncope or near-syncope episode while driving, and struck a vehicle driven by Collver and occupied by Raymond causing the traumatic amputation of Collver's left arm, and physical and emotional injuries to Raymond upon witnessing the carnage.

5.     On or about March 7, 2005, Wesley Collver and Jeremy Raymond, a minor and Mr. Collver's son, filed suit in the Superior Court of California, Humboldt

STIPULATION AND [PROPOSED] ORDER FOR DISMISSAL WITH PREJUDICE
No. C 06-3700 EDL

County, Case No. DR 050111, against defendants Ellen Weiss, M.D., Corinne Frugoni, M.D., Nathan Copple, M.D., Open Door Community Health Centers Medical Clinic, Pacific Heart Group, Inc., David Ploss, M.D., James Quillen, M.D., County of Humboldt, and Humboldt County Department of Health Services.

6. On October 5, 2005, the United States Attorney's Office filed a notice of removal of the action on behalf of Defendants Ellen Weiss and Open Door Community Health Centers, removing plaintiff's lawsuit from Humboldt County Superior Court to this Court;

7. The Federal Tort Claims Act provides the exclusive remedy for torts committed by the federal government, through the conduct of its employees or persons deemed to be acting in furtherance of the federal government under federal contracts.  In such situations, sovereign immunity is waived on a limited basis, but such actions must be brought solely against the United States.  28 U.S.C. § 2679(b)(1).

8. If federal employees or persons deemed to be acting in furtherance of the federal government under federal contracts are sued in state court, the acion shall be removed "at any time, before trial" and the action is deemed one against the United States, which must be substituted in as the named defendant.  28 U.S.C. § 2679(d)(2).  Upon removal by the United States, the entire case is removed, even if the other defendants could not have removed the case.  In Re Agent Orange Product Liability Litig., 304 F.Supp.2d 442, 450 (E.D.N.Y. 2004).

9. On November 15, 2005, the Plaintiffs and Defendants Weiss, Open Door, Frugoni, and UIHS filed a Joint Stipulation and Proposed Order for Dismissal Without Prejudice.  On November 16, 2005, the Honorable Marilyn Hall Patel entered an order dismissing the entire case (as opposed to only the moving parties) and the case was closed.

10. The case was remanded to Humboldt County Superior Court on February 24, 2006, which was acknowledged on March 6, 2006.

11. On November 7, 2005, Counsel for Plaintiffs, Steven J. Brady filed an administrative claim with the Department of Health and Human Services ("DHHS") on behalf of his clients, Wesley Collver and Jeremy Raymond, in which Collver demanded $1 million and Raymond $100,000 in damages, for injuries sustained in the automobile accident that occurred on March 5, 2004.

12. In their administrative claims, Plaintiffs alleged the following:

> Physician Ellen Weiss acting in the course and scope of her employment as a Federal employee of the Open Door Community Health Center's Medical Clinic and physician Connie Frugoni acting in the course and scope of her employment as a Federal employee of the United Indian Health Services, Inc.[,] provided care and treatment to Rich Dean Polzin who was suffering from a debilitating heart condition that caused him to black out and lose consciousness. Under California Health and Safety Code 103900, Weiss had a duty to report Polzin's condition to the local health official and/or DMV. Weiss and Open Door failed to do so, and Polzin passed out while driving and struck an oncoming vehicle.

13. DHHS did not make a final determination on Plaintiffs' claim within six months; therefore, plaintiffs exhausted their administrative remedies as of May 7, 2006. On May 26, 2006, Counsel for Plaintiffs Steven Brady provided a copy of the Amendment to Second Amended Complaint in the Humboldt County Action to the United States Attorney's Office.

14. On June 9, 2006, the United States Attorney's Office filed a Notice of Removal, and the matter was assigned to this Court.

15. On June 22, 2006, Counsel met and conferred regarding the status and procedural posture of this case and came to this stipulated agreement.

16. As noted above generally, under the Federal Tort Claims Act, 28 U.S.C.§§ 1346(b), 2401(b), and 2671-2680 ("FTCA"), the United States is liable for money damages for personal injury caused by the negligent or wrongful acts or omissions of a federal employee acting within the scope of employment under

circumstances or a person deemed to be acting in furtherance of a federally-funded contract, where the United States, if a private individual, would be liable according to the law of the place where the incident occurred.

17. Pursuant to 25 U.S.C § 450f(d), tribal organizations and Indian contractors are deemed part of the Public Health Service ("PHS") in DHHS, and the FTCA is the exclusive remedy for personal injury, including death, caused by an employee or contractor, acting within the scope of their employment, while carrying out a contract, grant agreement, or cooperative agreement with a tribal organization for the provision of services in any facility owned, operated, or constructed under the jurisdiction of the Department of Health & Human Services–Indian Health Service ("DHHS–IHS").

18. UIHS is a tribally operated facility under Title I, P.L. 93-638, which entered into a Self-Determination Contract with the DHHS–IHS.

19. Dr. Corrine Frugoni has been employed at UIHS from 1992, until the present. Thus, UIHS and its employee, Dr. Frugoni, are deemed to be employees of the PHS under 42 U.S.C. § 233(a), and are "employee[s] of the government" for the purposes of 28 U.S.C. § 2679.

20. The Secretary of Health and Human Services deemed Open Door Community Health Centers eligible for FTCA coverage pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(g)-(n), on February 1, 1999.

21. Dr. Ellen Weiss and Dr. Nathan Copple have been employed at Open Door from 1992, until the present. By operation of the FSHCAA, Open Door, Dr. Weiss, and Dr. Copple are covered under the FTCA.

22. This Court lacks subject matter jurisdiction over defendants Weiss, Frugoni, Copple, Open Door and UIHS, because none of those defendants is a proper defendant under the Federal Tort Claims Act. 28 U.S.C. § 2679(a). Therefore,

|   |   |   |
|---|---|---|
| 1 |  | dismissal of defendants Weiss, Frugoni, Copple, Open Door and UIHS is |
| 2 |  | appropriate.  Substitution of the United States of America as defendant is likewise |
| 3 |  | appropriate.  Therefore, the caption in this case will name the United States of |
| 4 |  | America as defendant and previously-named defendants Weiss, Frugoni, Copple, |
| 5 |  | Open Door and UIHS will no longer appear in the caption or be a party. |
| 6 | 23. | The United States agrees to make Drs. Weiss, Copple and Frugoni available for |
| 7 |  | their deposition and for trial testimony, subject to the rules of civil procedure |
| 8 |  | applicable to said testimony, as if Drs. Weiss, Copple, and Frugoni were |
| 9 |  | employees of the United States, unless however any of these doctors is no longer |
| 10 |  | employed with or working for Open Door or UIHS, in which case the United |
| 11 |  | States will provide the last known address information to plaintiff. |
| 12 | 24. | The parties further agree that claims under the Federal Tort Claims Act, this case |
| 13 |  | will be tried to the Court, not to a jury.  28 U.S.C. § 2402. |
| 14 | 25. | The parties request that the Court grant the proposed order.  On or before July 31, |
| 15 |  | 2006, plaintiff will file an amended complaint with a caption consistent with the |
| 16 |  | terms of this stipulation.  Within 30 days after plaintiff's filing, defendant United |
| 17 |  | States of America will file its answer or responsive pleading. |

**SO STIPULATED.**

Dated: June 29, 2006                    LAW OFFICES OF STEVEN J. BRADY

```
               /s/
```
STEVEN J. BRADY, ESQ.
Attorneys for Plaintiffs Wesley Collver
and Jeremy Raymond

Dated: June 29, 2006                    KEVIN V. RYAN
United States Attorney

```
               /s/
```
JONATHAN U. LEE
Assistant United States Attorney
Attorneys for Defendant USA

STIPULATION AND [PROPOSED] ORDER FOR DISMISSAL WITH PREJUDICE
No. C 06-3700 EDL

1 **[~~PROPOSED~~] ORDER**

2 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: __August 18, 2006__



_____
THE HONORABLE ELIZABETH D. LAPORTE
United States Magistrate Judge

STIPULATION AND [PROPOSED] ORDER FOR DISMISSAL WITH PREJUDICE
No. C 06-3700 EDL